CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
JUL 23 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LONNIE OGLESBEE, | ) | Civil Action No. 7:10-cv-00322 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN TERRY O'BRIEN, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Lonnie Oglesbee, a federal inmate proceeding pro se, filed an omnibus civil rights complaint, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested in 28 U.S.C. § 1331. Plaintiff names as defendants Terry O'Brien, warden of the United States Penitentiary in Lee County, Virginia, ("USP Lee") and correctional officers Captain Wilson, Captain Johnson, Lieutenant Shreiber, Pitt, Webb, Kegley, Hamilton, Anders, Moore, Fortner, Stanley, and Jarrell. Plaintiff also names as defendants the morning shift prison guards and "other unnamed guards." Plaintiff alleges that the defendants frustrate his access to the courts, do not give him all of his meals, and threaten him. Plaintiff requests leave to proceed in forma pauperis and injunctive relief. This matter is before me for screening, pursuant to 28 U.S.C. §§ 1915 and 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

I.

Plaintiff alleges the following facts in his verified complaint and acknowledges that he has not yet completed the administrative grievance process. Plaintiff's statement of the claim consists of the following conclusions: guards arranged to have plaintiff assaulted by other prisoners; someone refused to give him food; "numerous guards" threatened to kill him or have

other prisoners kill him; "they" have retaliated against him for access the courts; someone denies plaintiff "legal forms for resolution"; staff deny him postage, paper, pens, and envelopes; and guards destroyed his legal work.

Plaintiff requests as relief an injunction to remove a particular defendant guard from the special housing unit; refer the matter to the Federal Bureau of Investigations; receive copies of bite-mark photographs; make the guards stop using threats and racial slurs; require the guards to give him all his meals; and provide plaintiff all materials necessary to litigate. Plaintiff further requests that I command the defendants to "cease all collusion, calculated harassment and malfeasance, and stop the conspiracy to have [him] murdered."

As exhibits to his complaint, plaintiff included letters he allegedly wrote "S.I.A. Lieutenant Pitt" on May 16, 19, 21, 22, and 23, 2010. Plaintiff also included an undated letter complaining of events that occurred on July 12, 2010; letters to the Warden dated April 2 and May 26, 2010; and several letters plaintiff sent to the United States District Court for the Western District of North Carolina ("Eastern North Carolina District Court") during the pendency of his 28 U.S.C. § 2255 motion to vacate, in which he complains about the conduct of correctional officers. See, e.g., Oglesbee v. United States, No. 2:2007-cv-00023 (W.D.N.C.).

II.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [Bivens] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is a mandatory prerequisite to filing a civil action in federal court, Anderson v. XYZ Correctional

Health Services. Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. 81, 90 (2006). While failure to exhaust as required by § 1997e(a) is an affirmative defense, a court may raise the issue of exhaustion and, "in the rare case where failure to exhaust is apparent from the face of the complaint," may summarily dismiss a complaint on that ground. Anderson, 407 F.3d at 682.

It is clear from the face of plaintiff's verified complaint that he did not complete the available administrative remedies procedures before filing the instant complaint. Plaintiff explicitly states in his verified complaint that he did not complete the grievance process. Until plaintiff properly exhausts his administrative remedies for each claim he wants to litigate, he has not given prison officials a fair opportunity to address his complaint, one of the primary justifications for the exhaustion requirement.

A plaintiff is not required to plead administrative exhaustion in the complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007). However, defendants will move for dismissal if plaintiff files his complaint before completing the exhaustion process, and I must dismiss the suit. Therefore, it is in the interest of judicial economy (and in plaintiff's own best interest) to summarily dismiss a civil action if it is clear from plaintiff's own submissions that he has not exhausted administrative remedies before filing this lawsuit. See Anderson, 407 F.3d at 682. Furthermore, letters or communications filed outside the grievance procedures do not constitute exhaustion. See Sloan v. United States, No. 3:01CV347, 2002 WL 32502088 at *3 (E.D. Va. July 10, 2002), aff'd 63 F. App'x. 174 (4th Cir. 2003). Accordingly, I dismiss the complaint without prejudice

3

for failing to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).[1]

Plaintiff is advised that prisoner-litigants must comply with the Federal Rules of Civil Procedure, including Rules 8[2] and 10[3], which require "a short and plain statement of the claim showing that the pleader is entitled to relief" to be set out in numbered paragraphs, each limited to a single set of circumstances. Plaintiff's complaint fails to comply with these Rules, and plaintiff is further advised that submitting copies of letters he allegedly sent to prison officials is not a sufficient method to comply with these Rules. Furthermore, Federal Rule of Civil Procedure 20 does not authorize plaintiff to add claims against different parties that present

---

[1] Plaintiff may refile his claims in a new and separate civil action at the time of his choosing once he exhausts all administrative reviews in the proper order for each claim he wishes to litigate.

[2] Rule 8 states in pertinent part:
(a) Claim for Relief. A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
\* \* \*
(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
    (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.
    (2) Alternative Statements of a Claim or Defense. A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
    (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

[3] Rule 10 states:
(a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

(b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

(c) Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

entirely different factual and legal issues. Plaintiff may not prosecute an omnibus civil rights complaint in violation in Rule 20.

### III.

For the foregoing reasons, I dismiss the complaint without prejudice, pursuant to 42 U.S.C. § 1997e(a) and 28 U.S.C. §§ 1915 and 1915A, because plaintiff states in his verified complaint that he has not yet completed the administrative grievance process.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 23rd day of July, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge