CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAR 24 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LONNIE OGLESBEE,<br>Plaintiff, | ) ) ) | Civil Action No. 7:10-cv-00322 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| WARDEN TERRY O'BRIEN, et al.,<br>Defendants. | ) ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Lonnie Oglesbee, a federal inmate proceeding pro se, filed a civil rights complaint, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested in 28 U.S.C. § 1331. Plaintiff names as defendants Terry O'Brien, Warden of the United States Penitentiary in Lee County, Virginia, and correctional officers Pitt, Webb, Kegley, Hamilton, Anders, Moore, Fortner, Stanley, Jarrell, Captain Wilson, Captain Johnson, and Lieutenant Shreiber. Plaintiff also names as defendants the morning-shift prison guards and "other unnamed guards." Plaintiff alleges that the prison officials frustrate his access to the courts, do not give him requested postage and paper, and threaten him. Plaintiff requests leave to proceed in forma pauperis, my recusal, and injunctive relief. This matter is before me for screening, pursuant to 28 U.S.C. §§ 1915 and 1915A. After reviewing plaintiff's submissions, I deny plaintiff's motion for recusal and dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted and for failing to comply with a court order.

I.

Plaintiff makes the following allegations in his verified complaint. Since March 17, 2010, "the Guards" have arranged to have other prisoners assault plaintiff. Somebody denied plaintiff food, and "numerous guards" threatened to kill or threatened to have other inmates kill plaintiff. "They" retaliated against him for accessing the courts, and plaintiff has endured cruel

and unusual punishment. Somebody denied plaintiff due process by not giving him legal forms, postage, paper, envelopes, and pens. "Guards" destroyed his legal work, and "staff" did not give him "documents." (Compl. 2.) Plaintiff requests the following injunctive relief:

> Remove abusive and malicious guard Anders from the Special Housing Unit;
> [r]efer this matter to the Federal Bureau of Investigations for Independent
> Investigation and . . . polygraph test to attest to the facts herein,
> and . . . copies of the photographs of bite marks, March 30, 2010.
> Immediately order Defendants to cease racial slurs, depriving food to
> prisoners, and end all threats to murder, and stop all intimidation of prisoners.
> And deliver to [plaintiff] all papers, pens, envelopes and all such legal
> materials that an Indigent Prisoner needs to effectively address the Courts,
> and compel all staff to come forward with all legal forms upon request and
> end all of their stalling tactics, from transfers designed to disrupt legal efforts
> to shredding legal documents and cease all collusion, calculated harassment
> and malfeasance, and stop the conspiracy to have [plaintiff] murdered.

(Compl. 3.)

Plaintiff mailed to the court more than twenty letters plaintiff mailed to various prison staff, describing various incidents of his prison life, along with copies of prison records and pleadings he filed in another district court. Plaintiff does not refer to any documents in his complaint.

The court previously dismissed the action without prejudice for failing to exhaust administrative remedies, which was reversed by the Court of Appeals. The court subsequently conditionally filed the complaint, advised plaintiff that he failed to state a claim upon which relief may be granted and that his complaint violated Rules 8 and 10, Fed. R. Civ. P., and provided him fifteen days to file an amended complaint. In response, plaintiff simply filed copies of approximately forty more letters and diary entries that he had sent to various prison staff, bureaucrats, politicians, and relatives, along with copies of more prison records.

II.

Plaintiff filed a motion for my recusal. I previously dismissed this action without prejudice because plaintiff acknowledged on the form complaint that he had not exhausted administrative remedies. The Court of Appeals remanded the case after determining from the record that plaintiff alleged that staff would not give him a grievance form. Plaintiff's only basis for recusal is that I did not provide him his requested injunctive relief.

Two federal statutes govern judicial recusal: Section 144 and Section 455 of Title 28 of the United States Code. Section 144 requires the petitioner to file an affidavit and a certificate of counsel of record stating the claim is made in good faith; Section 455 is self-activating and does not require such procedural steps. Since plaintiff did not follow the procedural requirements of § 144, I construe his motion for recusal under § 455. See Givens v. O'Quinn, No. 2:02cv00214, 2005 U.S. Dist. LEXIS 31597, at *5-6 (W.D. Va. Dec. 7, 2005) (determining recusal under § 455 since plaintiff did not file an affidavit or certificate required by § 144) (citing Liljeberg v. Health Svcs. Acquisition Corp., 486 U.S. 847, 871 n.3 (1988) (Rehnquist, C.J., dissenting) (same)); Kidd v. Dalkon Shield Claimants Trust, No. 3:96cv642, 1996 U.S. Dist. LEXIS 21735, *4 (E.D. Va. Sept. 13, 1996) (same).

A United States judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must also disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Id. at § 455(b)(1). Partiality requires an apparent wrongful or inappropriate disposition toward a party. United States v. Gordon, 61 F.3d 263, 267 (4th Cir. 1995) (citing Liteky v. United States, 510 U.S. 540, 552 (1994)). Bias requires "a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*,

3

either because it is undeserved, . . . rests upon knowledge that the subject ought not to possess[,] . . . [or] is excessive in degree . . . ." Liteky, 510 U.S. at 550 (original emphasis). Bias or partiality, however, are not "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." Id. at 555-56. Alleging bias or prejudice of a judge's views or rulings that arise from facts or events of current or prior proceedings is an insufficient basis for recusal unless the opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555. See Berger v. United States, 255 U.S. 22, 28-29 (1921) (recusing federal judge from trial for stating, "One must have a very judicial mind, indeed, not be to prejudiced against the German Americans in this country. Their hearts are reeking with disloyalty."). Even remarks made "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky, 510 U.S. at 555. Additionally, a judge is not required to recuse himself simply "because of unsupported, irrational, or highly tenuous speculation[.]" United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998) (citation omitted).

In light of this standard, plaintiff's motion for recusal is denied. Plaintiff's only allegation against me is that I previously dismissed his complaint without prejudice. This allegation is insufficient to warrant my recusal and burden another district court judge with an additional case. Furthermore, the record is devoid of any expressed bias against plaintiff.

III.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based

4

upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of

Narcotics, 403 U.S. 388 (1971), a plaintiff must allege that a defendant is a federal agent who acted under the color of authority and engaged in unconstitutional conduct. However, plaintiff's complaint is devoid of any allegation against the named defendants; instead, plaintiff relies on conclusions and ambiguous accusations to allege, without factual support, that various unidentified "staff" and "guards" violated his rights.

While pleadings may be construed so as to do justice, the Federal Rules do not compel a district court to scour unreferenced and unincorporated attachments to determine for which specific incidents of prison life the pro se plaintiff may seek redress. See Corr. Officers Benevolent Ass'n v. Kralik, 226 F.R.D. 175, 177 (S.D.N.Y. Jan. 10, 2005) ("The letters by the individual Plaintiffs in Exhibit D contain references to past events and litigation equally unrelated to the matter at hand. And, as letters, they are not written instruments for the purpose of Rule 10(c).") What plaintiff effectively seeks to accomplish is to file a ream of paper under the guise of the complaint's ambiguous and sweeping accusations with the expectation that the court will construct his complaint for him and then serve it on the defendants with the further hope that the defendants will also piece together the minutia of his letters and diary entries into some possible constitutional claim. Plaintiff's present filings clearly do not provide the defendants with the proper notice needed to respond to the complaint. See Twombly, 550 U.S. at 555 (noting that the purpose of Rule 8(a) is to provide fair notice to the defendants of the nature of the claim and the ground on which it rests). To construct and present plaintiff's case for him would violate the district court's impartiality. Gordon, 574 F.2d at 1152-53.

The court twice provided plaintiff with the relevant Federal Rules and also gave him the opportunity to amend his complaint to provide sufficient detail about a specific claim. In response, plaintiff merely filed another stack of letters and diary entries in no particular order and

without any guidance as to what relevance these documents have to his complaint. Thus, the court already gave plaintiff a reasonable opportunity to file a proper complaint, and plaintiff's failure to comply with the court's order also warrants dismissal. See Gordon, 574 F.2d at 1154 n.1 (Hall, J., dissenting) (acknowledging the holding that a suit may be dismissed, pursuant to Fed. R. Civ. P. 41(b), if a pro se plaintiff fails to comply with the court's conditional filing order after receiving it).

Courts have the authority to control litigation before them, including the power to order dismissal of an action for failure to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The propriety of dismissal under Rule 41 depends on (1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982). Dismissal is not a sanction to be invoked lightly. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978).

Plaintiff is personally responsible for signing his pleadings, and he bears the ultimate responsibility for them as a pro se plaintiff. See Fed. R. Civ. P. 11(a). Despite two warnings, plaintiff insists on filing letters and diary entries as means to continue this action in light of his superficial complaint. Under Rule 11(b)(2), a pro se litigant is required to conduct a reasonable inquiry into the legal underpinnings of their claims before signing a complaint. See Fed. R. Civ. P. 11 1993 Advisory Committee Note (stating subdivision b requires "pro se litigants to conduct a reasonable inquiry into the law and facts before signing pleadings, written motions, and other

documents, and prescribing sanctions for violation of these obligations. . . . The rule requires litigants to 'stop-and-think' before initially making legal or factual contentions. . . ."). To the extent plaintiff may need more time to review his documents, reflect on those facts, and draft an adequate complaint, a dismissal will provide him the necessary time to file a more complete complaint without the burden of a fixed date of compliance. Plaintiff may research the issues, reflect on the facts, and draft an adequate complaint at his leisure. Furthermore, plaintiff will not be prejudiced as the dismissal is without prejudice, a less drastic alternative than with prejudice. Moreover, plaintiff states in his complaint's "statement of claim" that his claims arose as of March 2010, and, thus, the statute of limitations is not a bar.

IV.

For the foregoing reasons, I deny plaintiff's motion for recusal and dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted and for failing to comply with a court order, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and Rule 41(b), Fed. R. Civ. P. Plaintiff's remaining motions for the appointment of counsel, for delivery of property, and for a polygraph examination are denied as moot. Plaintiff may refile the action at the time of his choice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 24th day of March, 2011.

Senior United States District Judge